NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ELVIN CAMPOS MUNOZ,

                *Petitioner*,

          v.

JASON BENZEL, *et al.*,

                *Respondents*.

Civil Action No. 26-cv-06653

**ORDER**

**THIS MATTER** comes before the Court upon the Second Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (ECF No. 1) filed by Petitioner Elvin Campos Munoz ("Petitioner"), who is currently detained pursuant to 8 U.S.C. § 1226(a) at the Elizabeth Detention Center. The Court has reviewed the Petition (ECF No. 1), Respondents' Response (ECF No. 6), and Petitioner's Reply (ECF No. 7), and for the reasons stated below, the Petition is **GRANTED IN PART**.

According to the Petition, Petitioner is a native and citizen of Costa Rica who has been detained since November 13, 2025. (ECF No. 1 ¶ 1.) Petitioner previously challenged his detention in a prior habeas proceeding, in which the Court ordered that Petitioner receive a bond hearing pursuant to 8 U.S.C. § 1226(a). *See Campos Munoz v. Rokosky*, No. 25-cv-18720 (KMW). (*Id.* ¶ 22.) Petitioner received a bond hearing before an Immigration Judge on January 13, 2026, and the Immigration Judge denied release after finding that Petitioner presented a danger to the community and a risk of flight. (*See id.*, ECF No. 6-3.) Petitioner's removal proceedings remain pending before the Board of Immigration Appeals. (*See* ECF No. 1 ¶ 33.)

Petitioner now challenges the continued duration of his detention, arguing that his approximately eight months of detention has become unreasonably prolonged in violation of the Due Process Clause. (ECF No. 1.) Petitioner also alleges that his continued detention has negatively affected his physical health, including recurrent chest pain following a prior heart issue and a painful tumor on his right shoulder requiring surgical intervention. (*Id.*)

With respect to Petitioner's medical allegations, the Court finds that the record does not establish that Petitioner's medical circumstances warrant habeas relief or release from detention. The medical records submitted by Respondents reflect that Petitioner was evaluated following complaints of chest pain but, at the time of examination, denied experiencing chest pain or related symptoms, including shortness of breath, dizziness, palpitations, syncope, or swelling. (*See, e.g.* ECF No. 6-2 at 104). The records further reflect that Petitioner's April 2026 EKG and chest X-ray did not reveal evidence of a prior heart attack or acute cardiac or pulmonary abnormality, and medical staff determined that emergency evaluation was not medically indicated. (*See id.*)

The medical records further reflect that a sonogram of Petitioner's right shoulder showed a "possible subcutaneous lipoma versus normal adipose tissue" and recommended MRI correlation. (*See, e.g.,* ECF No. 6-2 at 127.) Medical staff reviewed the results with Petitioner, who acknowledged understanding, and explained that, based on Petitioner's symptoms and imaging findings, surgical intervention was considered elective and could be managed after Petitioner's release from ICE custody. (*Id.*) Accordingly, the record does not demonstrate that Petitioner's medical circumstances constitute an extraordinary circumstance rendering his continued detention unconstitutional. *See Hope v. Warden York County Prison*, 972 F.3d 310, 324–25 (3d Cir. 2020) (explaining that habeas relief based on conditions of confinement is limited to "extraordinary circumstances" where release is the only adequate remedy).

2

The Court nevertheless finds that additional process is warranted with respect to Petitioner's challenge to the continued duration of his detention. Although Petitioner previously received a bond hearing pursuant to 8 U.S.C. § 1226(a), due process requires that continued civil detention remain reasonably related to its regulatory purposes. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274 (3d Cir. 2018). The Third Circuit has recognized that the Due Process Clause may require additional procedural protections where detention, considered under the totality of the circumstances, becomes unreasonably prolonged.

Here, Petitioner has been detained for approximately six months following his prior bond determination. Petitioner's removal proceedings remain pending before the Board of Immigration Appeals, and Respondents acknowledge that additional months of detention may occur before those proceedings conclude. (*See* ECF No. 6 at 3.) Respondents principally rely upon Petitioner's prior bond hearing but have not adequately addressed whether continued detention remains justified in light of the current circumstances, including the length of detention and the anticipated duration of further administrative proceedings. The Court therefore concludes that Petitioner is entitled to additional procedural safeguards to ensure that his continued civil detention remains constitutionally justified. Accordingly,

**IT IS**, on this 15th day of July, 2026,

**ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED IN PART**; and it is further,

**ORDERED** that within seven (7) days of the date of this Order, Respondents shall provide Petitioner with a new individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a); and it is further,

**ORDERED** that at that hearing, Respondents shall bear the burden of establishing by clear

3

and convincing evidence that Petitioner's continued detention is warranted because he presents a danger to the community or a risk of flight that cannot be adequately addressed through reasonable conditions of release. *See* 8 U.S.C. § 1226(a); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279–80 (3d Cir. 2018) (recognizing that due process may impose limits on prolonged detention under § 1226(a) and leaving open whether additional process may be required in appropriate circumstances); and it is further,

**ORDERED** that the Immigration Judge shall consider the circumstances existing at the time of the renewed bond hearing, including the length of Petitioner's detention, the anticipated duration of the remaining removal proceedings, and any relevant evidence concerning Petitioner's current circumstances; and it is further,

**ORDERED** that if Respondents fail to provide the required bond hearing within seven (7) days of the date of this Order, Petitioner may seek further relief from this Court; and it is further,

**ORDERED** that within 48 hours of the bond hearing, Respondents shall file a letter to notify the Court of the outcome of said hearing, upon which, the Clerk shall CLOSE this case absent further relief being warranted.

**Hon. Karen M. Williams,**
**United States District Judge**

4